Jon J. Simon
1265 Vietti Street
Henderson, NV 89102
(949) 933-0922
Jonjsimon@gmail.com

2012 DEC -4 P 1:25

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

2:12-cv-02067-GMN-VCF

Jon J. Simon an individual,

    Plaintiff(s)

vs.

BENCHMARK ASSOCIATION SERVICES, INC. a Nevada non-profit corporation; ALESSI & KOENIG, LLC, a Nevada limited Liability Company; AND DOES individuals 1 to 100, Inclusive; and ROES Corporations 1 to 30, Inclusive;

    Defendants.

[VERIFIED] COMPLAINT

1. Violations of the FDCPA 15 U.S.C. §1692 et seq.)

COMES NOW, Plaintiff Jon J. Simon (In Pro Se) hereby alleges and complain against Defendant, BENCHMARK ASSOCIATION SERVICES, INC. a Nevada non-profit corporation; ALESSI & KOENIG, LLC, a Nevada limited Liability Company; a debt collection agency, as follows:

## JURISDICTION & PARTIES

1. Plaintiff is a resident and at all times material herein, has been and continues to be a resident of the Clark County, State of Nevada.
2. Plaintiff owns the subject property, a single family home, within this county and state, and is a Real Party in Interest to this action, pursuant to FRCP 17(a), *inter alia*.
3. Defendants BENCHMARK ASSOCIATION SERVICES, INC. a Nevada non-profit corporation (BAS); ALESSI & KOENIG, LLC, a Nevada limited Liability Company (A & K); AND DOES individuals 1 to 100, Inclusive; and ROES Corporations 1 to 30, Inclusive; and all other persons and entities unknown claiming any right, title, estate, lien or interest in the real property described in the Complaint adverse to Plaintiff's ownership, or any cloud upon Plaintiff's title thereto.

PLANTIFF'S [VERIFIED] COMPLAINT -1

4. BENCHMARK ASSOCIATION SERVICES, INC. a Nevada non-profit corporation; ALESSI & KOENIG, LLC, a Nevada limited Liability Company; (hereinafter referred to as "Defendants") are debt collectors related service providers regularly and continuously conducting business in the State of Nevada at all times relevant hereto.

5. The true names and capacities of Defendants named herein as DOES Individuals 1 to 100, inclusive, and ROES Corporations 1 to 30, inclusive, whether individuals, corporations, or other entities are unknown to Plaintiff at the present time; however, it is alleged upon information and belief, that these Defendants were involved in the initiation, approval, support, or execution of the wrongful acts upon which this litigation is premised, or of similar actions directed against Plaintiff about which he is presently aware. As the specific identity of these parties are revealed through the course of discovery, the Plaintiff will ask leave of the Court to amend the Complaint so that the DOES and/or ROES appellations will be replaced to identify these parties by their true names and capacities.

6. Venue is proper as the acts complained of occurred, in substantial part, in the State of Nevada, the owner of the subject property reside in Nevada and at all times relevant hereto, the Defendants were doing business in Nevada.

7. This Court has jurisdiction over the matters related to the emergency, injunctive, provisional, and equitable relief sought herein, pursuant to the agreements of the parties referenced below.

8. At all times material and relevant hereto, Plaintiffs maintained primary residence in Clark County, Nevada with the legal description of:

*Terrazzo II, Plat book 122, Page 98, Lot 10, Block 1 and by Certificate of record on 5/31/2006 in Book 20060531 as Inst.No. 04015 all in the office of the County Recorder for Clark County, NEVADA.*
*APN#178-22-415-010*

Plaintiff's primary residence as described above is commonly referred to and located at:
<u>1265 Vietti Street, Henderson, NV 89102</u>

9. Upon information and belief, Defendant parties herein are registered to do business in the State of Nevada and continue pattern of unlawful conduct of business accordingly.

10. This action is brought, for among other purposes, to restrain and enjoin the Defendants, their agents, employees, representatives, lawyers, directors and officers, from taking any action to improperly transfer, dispose of, or use the property of Plaintiff to foreclose and gain possession of Plaintiff's Property. Defendants, either individually or collectively, have caused events to occur in Nevada giving rise to this Complaint. The damages incurred by Plaintiff far exceed the minimal jurisdictional requirements of this Court.

PLANTIFF'S [VERIFIED]COMPLAINT -2

11. That pursuant to NRCP 10(a) and *Nurenberger Hercules-Werke GMBH v. Virostek*, 107 Nev. 873 (Nev. 1991), the identity of resident and non-resident Defendants designated herein as DOES 1-100 and ROE CORPORATIONS 1-30, inclusive, are unknown to Plaintiff at this present time; however, it is alleged and believed these Defendants were involved in the initiation, approval, support, or execution of the wrongful acts on which this action is premised, or of similar actions directed against Plaintiff about which they are presently unaware.

12. As the specific identities of these parties are revealed through the course of discovery, the DOES and ROES will be replaced to identify these parties by their true names and capacities.

13. That jurisdiction and venue are proper in this Court.

14. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. §1692k (d).

15. This action arises out of defendant's ( BAS, A & K) violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (FDCPA).

16. Venue is proper in this district because the acts and transactions occurred here, Plaintiff resides in Nevada, and Defendants (BAS, A & K) transacts business in Nevada.

17. Plaintiff Simon is a natural person who resides in the City of Las Vegas, County of Clark, State of Nevada and is a "consumer as that term is defined by 15 US.C.§1692 a (3).

18. Defendant "BAS", is a collection agency operating from an address of 3675 W Cheyenne Ave, Ste 100, North Las Vegas, NV 89032, and is a debt collector as that term is defined by 15 U.S.C. §1692 a (6).

19. Defendant "A & K", is a collection agency operating from an address of 9500 W. Flamingo Road #101, Las Vegas, NV 89147 and is a debt collector as that term is defined by 15 U.S.C. §1692 a (6).

20. Plaintiff is alleged to have owed a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C.§1692 a (5), namely homeowner association (HOA) monthly obligations as <u>*unverified and accounted for in the amount of $4.744.78*</u> as alleged by Defendants.

21. The alleged debt was consigned, placed or otherwise transferred to Defendant "K&A" for collection.

22. On or about May 25, 2012, Defendant BAS contacted Plaintiff Simon in an attempt to collect this debt from Plaintiff Simon, which was a communication in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692 a (2)

PLANTIFF'S [VERIFIED]COMPLAINT -3

23. A true, correct and authentic copy of Defendant K & A's October 23, 2012 letter is attached hereto, labeled Exhibit "A" and incorporated herein by this reference.
24. The above mentioned October 23, 2012 letter violated the FDCPA.
25. Further, Defendant "K & A" on behalf of "BAS" violated the FDCPA by attempting to collect fees that are not expressly authorized by the CC&R's or other agreement creating the obligation 15 U.S.C. § 1692 f (1) or otherwise permitted by Nevada law.
26. That jurisdiction is proper to the Court herein as the nature of the action is of Federal question.
27. Plaintiff Simon has suffered actual damages as a result of these illegal collection communications and practices, in the form of communication, anger, anxiety, emotional distress, fear, frustration, amongst other negative emotions as well as suffering from unjustified and abusive invasions of his personal privacy at Plaintiff Simon's home.
28. This honorable Court should take severe judicial notice of Defendants predatory conduct as Simon suffers from terminal illness which further warrants lawful time to dispute and remedy such allegations under proper itemized notice concerning such alleged debt as owed.

## NATURE OF THE ACTION

29. Plaintiff Simon received a collection validation letter (NOTS) from Defendant.
30. Plaintiff Simon is alleged to owe $4,744.78.
31. Defendant "K & A" on behalf of "BAS" used an initial collection letter (NOTS) that required (unverified) payment of $4,744.78 to avoid a lien on his home, additional charges, and the threat of actual foreclosure and sale as of 12/5/2012. These threats of a lien on his home and additional charges and sale at the beginning of this collection letter (NOTS) overshadowed the end of the letter which further omits *required notice* that the Plaintiff has 30 days to *dispute* the debt.
32. This collection validation letter violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (FDCPA).

## **TRIAL BY JURY**

32. Plaintiff Simon is entitled to and hereby respectfully demands a trial by jury, U.S. Constitution Amendment 7, Fed. R. Civ. P. 38.

## FIRST CLAIM FOR RELIEF
(Fair Debt Collection Practices Act- 15 U.S.C. §1692)

33. Plaintiff Simon incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Defendants herein have an obligation to adhere to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

35. Defendants have misrepresented themselves and others and the true identities thereof in operating under the fair debt Collection Practices Act under which they have conducted themselves in service of the alleged "Notice of Default" alleged to have been served on the Plaintiff pursuant to alleged HOA fees resulting in the committed and continuous unfair business practices in violation of Fair Debt Collection Practices Act- 15 U.S.C. §1692).

36. Plaintiff has a legally projectable interest in the controversy because they have an interest in the subject property they purchased with a mortgage and yet defendants have misrepresented the "true" identities of the necessary parties with proper standing to address " remedial conduits" and "bono fide standing" pursuant to the preservation and protection of the mortgage, and the Plaintiff's home at large, the rights and obligations to the proper parties as charged under the deed of trust without interference.

37. At no time during any of the communications with various parties by the Plaintiff has there ever been any evidence presented where the parties attempting to foreclosure on the subject property have; i) presented their "true and verified accounting and statements" pursuant to; ii) evidence of valid standing in properly addressing and the collection thereof the alleged debt of the Plaintiff much less; iii) lawful compliance under the FDCPA to rightfully dispute such alleged debt.

38. Alessi & Koenig, LLC. sent a letter "Notice of Trustee Sale" (NOTS) to Plaintiff notifying him of the collection referral and the balance due, which had increased to $4,744.78 after costs and fees.

And which states; "NOTICE OF TRUSTEE SALE"; "WARNING! A SALE OF YOUR PROPERTY IS IMINENT! UNLESS YOU PAYPAY THE AMOUNT SPECIFIED IN THIS NOTICE BEFORE THE SALE DATE, YOU COULD LOSE YOUR HOME, EVEN IF THE AMOUNT IS IN DISPUTE. YOU MUST ACT BEFORE SALE DATE.";

And furthermore; (Pertinent and in part):

"The sale will be made without covenants, or warranty, expressed or implied regarding, but not limited to title, possession, or encumbrances, or obligations to satisfy any secured or unsecured liens. The total amount of unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is $4,744.78. Payment must be in the form of certified funds.

39. " Alessi & Koenig. is a debt collector. Alessi & Koenig. is attempting to collect a debt." (See Exhibit "A")

40. That the *Plaintiff's Right to Dispute the Debt was Overshadowed and Contradicted* under said notice.

41. That The Federal Debt Collection Procedures Act ("FDCPA") requires that, when first communicating with a consumer in connection with the collection of a debt or within five days afterwards, debt collectors shall send the consumer a written notice containing:

(1) The amount of the debt;
(2) The name of the creditor to whom the debt is owed;
(3) *a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;*
(4) *a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debtcollector; and*
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). The FDCPA also prohibits debt collectors from using "any false, deceptive, or *misleading* representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e (emphasis added).

42. That even where a written notice contains all of the listed elements, this notice is not effectively conveyed where it is "overshadowed or contradicted by other messages or notices." *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1989) (per curiam); *see also Renick v. Dun & Bradstreet Receivable Mgmt. Servs.*, 290 F.3d 1055, 1057 (9th Cir. 2002) (per curiam) (holding that the FDCPA was not violated where a validation notice was not overshadowed or contradicted by other language in the letter); *Terran v. Kaplan*, 109 F.3d 1428, 1434 (9th Cir. 1997) (holding that the FDCPA was not violated where a validation notice was not overshadowed or contradicted by other language in the letter).

"[T]he impact of language alleged to violate section 1692g is judged under the 'least sophisticated debtor' standard." *Swanson*, 869 F.2d at 1225. "That is, if we find that the least sophisticated debtor would likely be misled by the notice…, we must hold that the [debt collector] has violated the Act." *Id.*

43. The Plaintiff Simon contends that "but for' the absence of the required language under the FDCPA within the subject notice is not effectively conveyed where it is "*overshadowed or contradicted by other messages or notices.*"

44. That the substance of the language of the defendants notice as given on October 23, 2012 to the Plaintiff stands in threatening contradiction to the text of the debt validation notice," in violation of the FDCPA. *Id.* at 1226. Accordingly, Plaintiff Simon contends Defendants tenor and text of the subject notice itself was threatening, particularly when juxtaposed with a lien of $4,744.78 and additional costs and threat of sale.

45. That the form and the substance of the subject notice overshadowed the required notice language as being misleading to the Plaintiff Simon by Defendant's notice language as presented due to the inclusion of overshadowing and contradictory language, and the omission of the necessary language in allowing for *a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector as* required and thus resulting that the FDCPA was therefore violated under said notice.

46. That the Defendant offers no evidence that the subject *amount of* $4,744.78 is authorized, much less citing statutes and case law that merely permit A & K to pursue collection costs.

47. That the Defendant makes no argument that the specific costs assessed and described in the notice to Plaintiff Simon are authorized by the HOA CCR's and Nevada law.

48. That the Defendant does not address whether the HOA specifically authorized as "reasonable" the amount of the costs and fees collected as alleged.

49. Nowhere in said "Notice" or has there ever having been verifiably served on Plaintiff Simon is the required language under the FDCPA:

Federal Law gives you 30 Days from the date you receive this letter (the 30 Day Period) to dispute the validity of the debt or any part thereof. If you do not dispute the validity of the debt or any portion thereof as outlined above, Alessi & Koenig, LLC will assume the debt is valid. If you do contest the validity of this debt or any portion thereof by notifying Alessi & Koenig, LLC in writing to that effect, A & K will, as required by law, obtain and mail to you verification of the debt. And, within the 30 Pay Period you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor, the Association, Alessi & Koenig, LLC will also furnish you with that information.

PLANTIFF'S [VERIFIED] COMPLAINT -7

Federal Law does not require Alessi & Koenig, LLC to wait until the end of the 30 Day Period to record the Notice of Delinquent Assessment Lien. If, however, you notify Alessi & Koenig, LLC, in writing, within the 30 Day Period, that begins with the receipt of this letter, that you dispute the debt or any portion thereof; or that you request the name and address of the original creditor, if the original creditor is different from the current creditor, the Association, A & K will, as required by law, cease collection of the debt or any disputed portion thereof until Alessi & Koenig, LLC obtains verification of the debt or the name and address of the originalcreditor and a copy of such verification or name of the original creditor is mailed to you by A & K.

50. Since the Defendants as named herein have moved with the implications of approval, and direction of co –defendants and other discoverable unknowns, intentionally, willfully, and as misrepresenting themselves to the Plaintiff in a purported attempt to collect a debt and foreclose on the subject property in absence of verifiable evidence to do so have violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

51. The foregoing acts and omissions of each defendant constitute violations of the FDCPA including, but not limited to, each and every one of the above cited provisions of the FDCPA.

52. As a result of each and every violation of the FDCPA, Plaintiff is entitled to :
a) Actual damages pursuant to 15 U.S.C. §1692k a (1) in the sum of $3,000 or as proven at trial;
b) Statutory damages in an amount up to $1,000 pursuant to 15 U.S.C. §1692k a (2)(A); and
c) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k a (3) in the sum of $5,000 up to the filing and service of this complaint and continuing thereafter in a sum to be determined.

53. That in the event it is necessary for Plaintiff to retain the services of an attorney to prosecute this action and, therefore, Plaintiff is entitled to reasonable attorney fees and costs of suit incurred herein.

PLANTIFF'S [VERIFIED] COMPLAINT -8

## PRAYER
## FOR RELIEF

Wherefore, Plaintiff Simon prays that judgment be entered against Defendants Benchmark Association Services, Inc., Alessi & Koenig, LLC as follows:

1. For an award of actual damages pursuant to 15 U.S.C. §1692k a (1) in the sum of $3,000 or as proven at trial;
2. For an award of statutory damages of $1,000 pursuant to 15 U.S.C. §1692k a (2)(A); and
3. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k a (3) in the sum of $5,000 up to the filing and service of this complaint and continuing thereafter in a sum to be determined.
4. For such other relief as the Court deems to be just and proper.

Dated: this 4th day of December, 2012.

RESPECTFULLY SUBMITTED BY: _____

Jon J. Simon
1265 Vietti Street
Henderson, NV 89102
(949) 933-0922
Jonjsimon@gmail.com

## VERIFICATION

STATE OF NEVADA, COUNTY OF CLARK

Plaintiff, Jon J. Simon, being first duly sworn, deposes and says:
That he is the Plaintiff in the above-entitled action; that he has read the foregoing Complaint, know the contents thereof, and that the same is true of his own knowledge, except for those matters alleged upon information and belief, and as to those matters, he believes them to be true.

Dated: 12/04/2012                  _____
                                    Jon J. Simon

## ACKNOWLEDGEMENT

Subscribed and sworn to before me this 4th day of December, 2012.

Signed: _____ Seal:

NOTARY PUBLIC in and for the County of Clark, State of Nevada.

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
REBECCA GODWIN
No: 10-1790-1
My Appointment Expires March 24, 2014

PLANTIFF'S [VERIFIED] COMPLAINT -9

**EXHIBIT A-**
[Unlawful] Notice of Trustee Sale -dated October 23, 2012 by Alessi & Koenig

When recorded mail to:
Alessi & Koenig, LLC
9500 West Flamingo Rd., Suite 205
Las Vegas, NV 89147
Phone: 702-222-4033

APN: 178-22-415-010             TSN 21986-1265

# NOTICE OF TRUSTEE'S SALE

WARNING! A SALE OF YOUR PROPERTY IS IMMINENT! UNLESS YOU PAY THE AMOUNT SPECIFIED IN THIS NOTICE BEFORE THE SALE DATE, YOU COULD LOSE YOUR HOME, EVEN IF THE AMOUNT IS IN DISPUTE. YOU MUST ACT BEFORE THE SALE DATE. IF YOU HAVE ANY QUESTIONS, PLEASE CALL Alessi & Koenig at 702-222-4033. IF YOU NEED ASSISTANCE, PLEASE CALL THE FORECLOSURE SECTION OF THE OMBUDSMAN'S OFFICE, NEVADA REAL ESTATE DIVISION, AT 1-877-829-9907 IMMEDIATELY.

**NOTICE IS HEREBY GIVEN THAT:**

On December 5, 2012, Alessi & Koenig as duly appointed Trustee pursuant to a certain lien, recorded on June 28, 2011, as instrument number 0001638, of the official records of Clark County, Nevada, WILL SELL THE BELOW MENTIONED PROPERTY TO THE HIGHEST BIDDER FOR LAWFUL MONEY OF THE UNITED STATES, OR A CASHIERS CHECK at: 2:00 p.m., at 9500 W. Flamingo Rd., Suite #205, Las Vegas, Nevada 89147 (Alessi & Koenig, LLC Office Building, 2nd Floor)

The street address and other common designation, if any, of the real property described above is purported to be: 1265 VIETTI ST, HENDERSON, NV 89012. The owner of the real property is purported to be: JON J & VANESSA SIMON

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designations, if any, shown herein. Said sale will be made, without covenant or warranty, expressed or implied, regarding title, possession or encumbrances, to pay the remaining principal sum of a note, homeowner's assessment or other obligation secured by this lien, with interest and other sum as provided therein; plus advances, if any, under the terms thereof and interest on such advances, plus fees, charges, expenses, of the Trustee and trust created by said lien. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is $4,744.78. Payment must be in made in the form of certified funds.

Date: October 23, 2012

By: Ryan Kerbow, Esq. of Alessi & Koenig LLC on behalf of Terrazzo II Homeowners Association