# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Jon J. Simon,

    Plaintiff,

v.

Benchmark Association Services, Inc., et al.,

    Defendants.

Case No.: 2:12-cv-2067-JAD-VCF

**Order Denying Defendant Alessi & Koenig's Motion for Summary Judgment [Doc. 8]**

This action arises out of the non-judicial foreclosure proceedings initiated against *Pro se* Plaintiff Jon J. Simon's home after he failed to pay his HOA assessments. Simon alleges that Defendants Benchmark Services Association and the law firm of Alessi & Koening, LLC's October 23, 2012, Notice of Trustee's non-judicial foreclosure on his home violated § 1692g of the Fair Debt Collection Practices Act (FDCPA). Doc. 1. Alessi & Koenig moves for summary judgment, arguing that its notice of sale is governed by the less stringent § 1692f(6) because it was not an initial communication or a debt-collection letter, rather, it was sent to enforce the HOA's secured interest in Simon's home. *See* Doc. 8. Simon failed to oppose the motion. Although I agree that Alessi & Koenig's notice is subject to § 1692f(6), not § 1692(g), the firm has not demonstrated the absence of a genuine issue of fact as to its compliance with that provision, and I deny the motion.

## Background

Simon alleges that he owns a home at 1265 Vietti Street, Henderson, Nevada, 89102. Doc. 1 at 1. The property is governed by a Declaration of Covenants, Conditions, and Restrictions and Reservation of Easements for Terrazzo II ("CC&Rs"), recorded against Simon's property and which obligates him to pay assessments and is enforced by his HOA. Docs. 8 at 3; 8-1 at 2. Simon failed to pay his assessments and the HOA liened his property. Docs. 8 at 3; 8-1 at 13-15. After various notices, on October 23, 2012, Alessi & Koening mailed Simon and his wife Vanessa a Notice of

Trustee's Sale, indicating that a sale of Simon's property would occur on December 5, 2012. Doc. 8-2 at 2.

Simon filed this FDCPA lawsuit on December 4, 2012. Doc. 1 at 3. Simon alleges that defendants' communications were "an attempt to collect this debt." Doc. 1 at 3. Simon claims that Alessi & Koenig's October 23, 2012, Notice of Trustee's Sale violated 15 U.S.C. § 1692f(1), as the letter attempted to collect fees "expressly authorized by the CC&R's or other agreement." *Id.* Simon claims that the Defendants "misrepresented" themselves when they issued the "Notice of Default" letter on August 16, 2011. *Id.* at 5. Simon further alleges that any attempt to collect on a debt within the FDCPA's purview obligates the debt collector to provide a notice under 15 U.S.C. § 1692g(a), and from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* at 6. Simon contends that the defendants made no attempt to indicate in their notice the specific amounts requested or whether those amounts were authorized under either the CC&Rs or Nevada law. *Id.* at 7. He prays for actual and statutory damages and attorneys fees. *Id.* at 8-9.

Alessi & Koenig moves for summary judgment on the Declaration of Bradley Bace, custodian of records for Alessi & Koenig with respect to the records related to plaintiff's home. Doc. 8 at 13-14. Plaintiff was timely provided with the notice required under *Rand v. Rowland,* 154 F.3d 952 (9th Cir. 1998) (en banc), *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), Doc. 9, but he filed no response to the motion. Recognizing that summary judgment may not be granted simply by default, I now evaluate the merits of the motion and deny it. Alessi & Koenig has failed to demonstrate that the original notice of delinquent assessment[1] that started this non-judicial-foreclosure ball rolling was mailed as required by NRS 116.31162(1)(a). This evidentiary void precludes me from finding that Alessi & Koenig properly acquired the right under NRS 116.31162(1)(a) to enforce the HOA's lien and was therefore acting in compliance with the FDCPA at the time it issued the notice of trustee's sale.

---

[1] Doc. 8-4.

2

**Discussion**

**A.    Legal Standard**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[2] When considering the propriety of a summary judgment motion, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[3] If reasonable minds could differ on the material facts at issue, summary judgment is not appropriate because the purpose of summary judgment is to avoid unnecessary trials when the facts are undisputed.[4]

Once the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[5]  "[A]n adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."[6] Rule 56(e)(2) states that "[i]f a party fails to properly . . . address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."[7]

Last year in *Heinemann v. Satterberg,* the Ninth Circuit clarified that local rules permitting courts to treat the lack of an opposition as consent to granting a motion do not apply to summary judgment motions.[8] When a summary-judgment motion is unopposed, Rule 56 "authorizes the court to consider a fact as undisputed," but it does not permit a court to grant summary judgment by

---

[2] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[3] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[4] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

[6] *Celotex*, 477 U.S. at 324.

[7] *Id.*

[8] *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013).

3

default.[9]

**B.      Analysis of Alessi & Koenig's Moving Papers**

Simon generally alleges that Alessi & Koenig violated the FDCPA in its various communications regarding allegedly unpaid HOA fees. *See* Doc. 1 at ¶¶ 15-32; 33-51. Although he focuses his arguments on 15 U.S.C. § 1692g, *see* Doc. 1 at ¶ 41-42, which requires certain disclosures in initial communications by debt collectors, Alessi & Koenig contend that § g does not apply to them; rather their communications are governed by the "lighter requirement" of § f(6) because they were merely enforcing a valid security interest granted them by NRS Chapter 116. Doc. 8. at 6, 11.

Even if I were to accept Alessi & Koenig's argument and evaluate the firm's conduct under only 15 U.S.C. § 1692f(6), this movant has failed to demonstrate its entitlement to summary judgment. Under § 1692f, a party may not "(6) Tak[e] or threaten[] to take any nonjudicial action to effect dispossession or disablement of property if— (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest . . . ."[10]

Alessi & Koenig argues that its enforceable security interest arises from the CC&Rs[11] and Nevada law, which give HOAs the right to foreclose on assessment liens "after the issuance of three documents: a notice of delinquent assessment; a notice of default; and a notice of sale." Doc. 8 at 10. As the quoted portions of NRS 116.31162 provided by Alessi & Koenig demonstrate, Nevada law requires these notices to be "mailed by certified or registered mail, return receipt requested."[12]

Alessi & Koenig has demonstrated that it mailed the notice of default and notice of sale via registered mail, *see* Docs. 8-2 & 8-3, but the proof of registered mailing is missing for the June 24,

---

[9] *Id.* (citing Fed. R. Civ. P. 56 Advisory Committee Notes (2010)); Fed. R. Civ. P. 56(e)(2)-(3).

[10] 15 U.S.C. § 1692f.

[11] Defendants request judicial notice of the CC&Rs, which were recorded in the Clark County Recorder's Office. Doc. 8 at 15; 8-1. Under Federal Rule of Evidence 201(b), "[t]he Court may take judicially notice a fact that is not subject to reasonable dispute because it . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* The CC&Rs are public records for which the Court can take judicial notice, whose authenticity is uncontested. I take judicial notice of these documents.

[12] *Id.* (quoting Nev. Rev. Stat. § 116.31162(1)).

4

2011, notice of delinquent assessment. *See* Doc. 8-4. The only communications that plaintiff references in his complaint allegedly occurred on May 25, 2012, and October 23, 2012, so nothing in the plaintiff's complaint would permit me to even infer his receipt of this June 24, 2011, notice. *See* Doc. 1. Without this demonstration, I am left with a question of fact whether Alessi & Koenig legally acquired an enforceable security interest in Simon's property that the firm was enforcing when it issued the notice of trustee's sale.

## Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment [Doc. 8] is **DENIED**.

September 12, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE